```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - -X

ALMOSS, LTD.

                    Plaintiff(s),         06 Civ. 8234 (LLS)

                                          OPINION AND ORDER
         -against-

EDWARD FURMAN aka EDUARD FURMAN,
DANIEL DAVITASHVILI, AMERICAN
DIAMOND SERVICES, INC., E.D. DIAMONDS,
INC. d/b/a DIVA JEWELRY, OLYMPIA
DIAMONDS CORP, HAMPSHIRE DIAMOND &
JEWELRY CORP., NARKIS DESIGN JEWELRY
CORPORATION, M.I.D. TRADING CORP., B.H.
STAR ENTERPRISES, INC., MANASHI
DAVITASHVILI AND DANIEL DAVITASVILI
d/b/a S&H JEWELRY, and JOHN DOES

                    Defendant(s).
- - - - - - - - - - - - - - - - - - - -X
```

Defendants Daniel Davitashvili, Menashi Davitashvili, Narkis Davitashvili, and Olympia Diamonds Corp. move for an award of attorneys' fees and costs incurred in vacating the temporary restraining order ("TRO") plaintiff obtained at the inception of the action, and payment of the amount awarded out of the $50,000 plaintiff deposited as "an undertaking for the injunctive relief requested." See Orders dated October 10 and 23, 2006.

Attorneys' Fees

Defendants claim, with some justification, that plaintiff's attorney's prosecution of this case was abusive and that New York law would allow their attorneys' fees for vacating the TRO to be paid out of the funds posted as security for payment for damage inflicted by the TRO.

However, the TRO was issued in this diversity case, which was commenced in this federal court and is governed by federal rules of procedure, which do not allow recovery of attorneys' fees from bonds posted to secure claims of damages from injunctions. As the Tenth Circuit stated in Fireman's Fund Inc. Co. v. S.E.K. Constr. Co., 436 F.2d 1345, 1351-52 (10th Cir. 1971):

> When an injunction suit is commenced in federal court and an injunction bond is issued pursuant to Rule 65(c), local state law, with respect to recovery of attorneys' fees in an action on the injunction bond, has no application. Rule 65(c) requires the applicant for a restraining order or preliminary injunction to give security, in such sum as the court deems proper, for the payment of such 'costs and damages' as may result to any party who is found to have been wrongfully restrained or enjoined. The question then becomes one of federal law as to what is included in the recoverability clause. . . . Under federal case law, attorneys' fees in this case are not recoverable.

(internal citations omitted). See also 13 Moore's Federal Practice 3d §§ 65.50[3], 65.53.

As Judge Glasser stated in <u>Apul Fruitconsult AG v. Amodess J.V.</u>, 1997 U.S. Dist. LEXIS 18617, **9-10 (E.D.N.Y. Oct. 17, 1997):

> The relief that was afforded the plaintiff was a temporary restraining order, the purpose of which is to preserve the status quo until the court has an opportunity to rule on the application for a preliminary injunction.  The only authority necessary for the court to grant such an order is Rule 65, and the duration, appealability, and procedural requirements of a temporary restraining order are all determined by federal law.  Similarly, the posting of security that is mandated by Rule 65 is governed by federal law, and federal law has determined that the purpose of requiring a security prior to the issuance of a restraining order is to guarantee payment of costs and damages incurred by the party wrongfully restrained.  The proceeds from the bond, however, may not be used to compensate for attorney fees.

There was no direction or indication in the terms on which the $50,000 security was posted that it would be used to cover attorneys' fees, and it does not do so.

## Costs

Fed. R. Civ. P. 65(c) provides that security shall be given "for the payment of such costs and damages as may be incurred or suffered by any party who is found to have been wrongfully enjoined or restrained."

> A party has been "wrongfully enjoined" under Fed.R.Civ.P. 65(c) if it is ultimately found that the enjoined party had at all times the right to do the enjoined act.  The conclusion

> that an injunction later dissolved was "wrongful," in the sense that the party had the right to do the enjoined act, does not necessarily imply that the district court abused its discretion in granting the relief in the first place. "[A] temporary injunction may be wrongfully issued although the issuance may not have been improvident as an abusive exercise of the trial court's discretion."

<u>Blumenthal v. Merill Lynch, Pierce, Fenner & Smith, Inc.</u>, 910 F.2d 1049, 1054 (2d Cir. 1990) (internal citations omitted).

After judgment was granted to plaintiff on its contract claims against American Diamond Services, Inc. (which afforded plaintiff its full panoply of execution remedies under New York state law) it voluntarily discontinued the action with respect to the balance of its claims. This left defendants with no effective avenue, except this one, to obtain relief against the bond for their damages suffered from the injunction. Under the circumstances, it is appropriate to follow the principle stated by Judge Conner in <u>Pace v. Ross</u>, 1981 U.S. Dist. LEXIS 11351, **16-17 (S.D.N.Y. March 13, 1981):

> A plaintiff who voluntarily dismisses an action after a temporary restraining order has been issued reaps the benefit of the injunction and, at the same time, deprives the defendant of an opportunity to establish that the injunction ought not to have been granted. For this reason, a voluntary dismissal is treated as a final determination on the merits favorable to defendant so as to render the plaintiff and his

surety liable on the injunction bond. See Middlewest Motor Freight Bureau v. United States, 433 F.2d 212 (8th Cir. 1970), cert. denied, 402 U.S. 999 (1971); Wainwright Securities Inc. v. Wall Street Transcript Corp., 80 F.R.D. 103, 106-108 (S.D.N.Y. 1978); 11 Wright & Miller, Federal Practice & Procedure § 2972 at 649 ("[a] voluntary dismissal...if it comes after a temporary restraining order has been granted[,]...has the same effect as a final decision that the parties seeking the injunctive relief were not entitled to it").

Defendants seek $359.25 for transcripts obtained on October 20, 2006 and November 7, 2006, before the restraints were fully lifted, which is recoverable. See Local Rule 54.1(c)(1). Defendants also ask for $40.69 for a November 1, 2006 disbursement to "kinkos" but they do not specify the purpose of the disbursement. Therefore, that amount is not shown to be recoverable.

## Conclusion

Defendants' motion for costs and attorneys' fees is denied insofar as it seeks attorneys' fees; and granted to the extent that the Clerk is directed to pay the sum of $359.25, representing the cost of transcripts, to counsel for the moving defendants from the amount on deposit with the Court, to return the balance of the $50,000, with the interest it has earned, to counsel for plaintiff for delivery to plaintiff, and to close this case.

So ordered.


Dated: July 5, 2007
       New York, New York

                                    _____
                                        Louis L. Stanton
                                           U.S.D.J.